UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 20-cv-02055-NYW-SKC

MARQUISE LUCAS,

    Plaintiff,

v.

J. A. BARNHART,
J. WASSELL,
PEDRO TORRES-DE LEON,
C. WATSON,
B. TORRES,
V. VIGIL,
M. BANUELOS,
BATOUCHE,
S. EACKER,
G. ROMAIN, and
R. RICOLCOL,

    Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews issued on February 24, 2023. [Doc. 59]. Judge Crews recommends that Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [Doc. 51] be granted and that Defendants' Motion to Dismiss [Doc. 50] be denied as moot. *See* [Doc. 59 at 8].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties. [*Id.*]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 24, 2023. *See* [Doc. 59 at 8]. No Party has objected to

the Recommendation and the time to do so has elapsed.[1]

In the absence of an objection, the district court may review a Magistrate Judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [Magistrate Judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, it is **ORDERED** that:

(1) The Recommendation of United States Magistrate Judge S. Kato Crews [Doc. 59] is **ADOPTED**;

(2) Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [Doc. 51] is **GRANTED**;

(3) Defendants' Motion to Dismiss [Doc. 50] is **DENIED as moot**;

---

[1] The Court notes that Plaintiff Marquise Lucas did not file a response to the Motion to Dismiss or the Motion for Summary Judgment, despite the previous presiding judge, the Honorable Regina M. Rodriguez, *sua sponte* granting Mr. Lucas an extension of time to do so. *See* [Doc. 54]. The docket reflects that the Clerk of the Court set the Court's Order to Mr. Lucas at his address of record at USP Atwater. [Doc. 55]. No change of address has been received from Mr. Lucas since that time, despite Judge Rodriguez's prior explanation that under the Local Rules of this Court, parties are required to give notice to the Court of a change of mailing address no later than five days after the change. [Doc. 48]; D.C.COLO.LCivR 5.1(c). It is not the Court's responsibility to keep track of Mr. Lucas's address, and mailings to the address of record constitutes effective service. *See Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018).

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

(4)     Judgment is **ENTERED** in favor of Defendants and against Plaintiff on each of Plaintiff's claims;[3]

(5)     The Clerk of Court is **DIRECTED** to close this case; and

(6)     The Clerk of Court shall mail a copy of this Order to:

Marquise Lucas, #57811-007
ATWATER U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 019001
Atwater, CA 95301

Marquise Lucas, #57811-007
Inmate Mail/Parcels
USP Victorville
13777 Air Expressway Boulevard
Victorville, CA 92394[4]

DATED: March 15, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[3] While costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), the district court may in its discretion decline to award costs where a "valid reason" exists for the decision. *See, e.g.*, *In re Williams Securities Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). Here, Mr. Lucas is an incarcerated litigant who was permitted to proceed *in forma pauperis*. *See* [Doc. 11]. The Court finds good cause to not award Defendants their costs in this action. *See Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("[A] district court does not abuse its discretion in denying costs when . . . the non-prevailing party is indigent.").

[4] The United States Bureau of Prisons's Inmate Locator indicates that Mr. Lucas is now located at USP Victorville. *See* https://www.bop.gov/inmateloc/ (last accessed March 14, 2023). It is unclear when Mr. Lucas was moved to USP Victorville from USP Atwater. The docket does not reflect any undeliverable mail. Though not required to, this Court directs the Clerk of the Court to mail a copy of this Order to Mr. Lucas at USP Victorville.